UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR JOHNSON,

    Plaintiff,

-vs-                                                      Case No. 8:05-CV-449-T-27TBM

MICHAEL KORACSEV, SCOTT
CAMERON, MICHAEL WARD,
and BERNIE MCCABE,

    Defendants.
_____/

## ORDER

Plaintiff, an inmate in the Pinellas County Jail (hereinafter "PCJ") proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) and an Affidavit of Indigency seeking leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff names Bernie McCabe, State Attorney, and St. Petersburg Police Department Supervisor Michael Koracsev and Officers Scott Cameron and Michael Ward as defendants.

Because Plaintiff is seeking redress from employees of a governmental entity, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides as follows:

    (a)    Screening. -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)    Grounds for dismissal. -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee. The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*. *See id.*

The Court finds, for reasons set forth *infra*, that even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.

According to Plaintiff, Defendants engaged in conduct that resulted in "violation of 4th Amendment freedom from unreasonable seizures[;] violation of 14th Amendment Due Process and Fundamental Fairness[;] [and] violation of 8th Amendment cruel treatment under color of law (Dkt. 1 at 8). Plaintiff fails to provide <u>any</u> factual support for these assertions. In the statement of relief requested, Plaintiff states that he is seeking "financial compensation of fifty thousand dollars per defendant totaling [$]200,000.00, in their personal and professional capacities respectfully" (Dkt. 1 at 10). When asked to provide a brief statement of the nature of the action in support of his request to proceed *in forma pauperis*, Plaintiff responded: "Civil violations of false imprisonment/vindictive bad-faith prosecution."

The Court realizes that Plaintiff is proceeding *pro se* and that the Court is to scrutinize the allegations of his complaint with more deference than if it were prepared by an attorney. Plaintiff is, however, still bound by the Federal Rules of Civil Procedure, which

require that any pleading setting forth a claim for relief "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . " Fed. R. Civ. P. 8(a).  There can be no question that Plaintiff's complaint runs afoul of this basic rule.

ACCORDINGLY, the Court **ORDERS** that:

1.  The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), without prejudice to Plaintiff refiling in a separate case so long as the refiled complaint complies with the pleading requirements of the Federal Rules of Civil Procedure.

2.  The request to proceed *in forma pauperis* **(Dkt. 2)** is **DENIED** as moot.

3.  The **Clerk** is directed to enter judgment against Plaintiff, terminate any pending motions, and close this case.

**ORDERED** in Tampa, Florida, on April 26th, 2005.

*/s/James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

SA:jsh

Copy to: *Pro Se* Plaintiff